UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD CARLOCK, as Personal Representative
for the ESTATE OF CLARENCE SAUNDERS ,

        Plaintiff,

vs.                                Case No. 04-CV-72025
                                    HON. GEORGE CARAM STEEH

ARDESHIR EMAMI SAID, M.D.,
and W. HART, R.N.,

        Defendants.

_____/

ORDER DENYING MOTION FOR EXTENSION OF TIME (#21) AS MOOT
AND PERMITTING PLAINTIFF TO REOPEN THIS CASE
ON OR BEFORE NOVEMBER 11, 2005 THROUGH THE FILING OF
A NOTICE OF APPEARANCE BY COUNSEL AND A MOTION TO REOPEN, AND;
DENYING MOTION FOR APPOINTMENT OF COUNSEL (#22);

        This court ordered on September 8, 2005 that this lawsuit would be dismissed without prejudice if an appearance by counsel on behalf of plaintiff Estate was not filed on or before October 24, 2005.  See Shenkman v. Bragman, 261 Mich. App. 412, 682 N.W.2d 516 (2004) (affirming dismissal of Michigan wrongful death action filed by non-attorney personal representative as unauthorized practice of law).  An appearance on behalf of plaintiff Estate was not filed on or before October 24, 2005, and the court dismissed this matter without prejudice on October 25, 2005.

        Plaintiff Estate's Personal Representative nonetheless filed a motion on October 24, 2005 (docketed on October 25, 2005) to extend the time for securing new counsel, and for the appointment of counsel.  The motion for an extension of time has been rendered moot by the dismissal of this lawsuit.  However, in the interests of justice, plaintiff Estate may move to reopen this suit on or before November 11, 2005 through the filing of an

appearance by an attorney on behalf of plaintiff Estate and a motion to reopen under authority of this Order.  The Personal Representative's motion for appointment of counsel is without merit in the absence of exceptional circumstances.  See  Lavado v. Keohane, 992 F.2d 601, 606 (6th Cir. 1993).  Accordingly,

Plaintiff's motion for an extension of time is hereby DENIED as MOOT.  Plaintiff Estate may move to reopen this lawsuit without incurring additional costs or fees through the filing of an appearance by an attorney on behalf of plaintiff Estate and a motion to reopen on or before November 11, 2005.  Plaintiff's counsel shall cite this Order as authority for reopening this case.  Failure to timely move to reopen this lawsuit as set forth herein will require plaintiff to file a new lawsuit to pursue its claims.

Plaintiff's motion for the appointment of counsel is hereby DENIED.

SO ORDERED.

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  October 26, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on October 26, 2005, by electronic and/or ordinary mail.

s/Josephine Chaffee
Secretary/Deputy Clerk